### HOGAN v. ULLMAN.

(Supreme Court, Appellate Term. June 21, 1912.)

SHERIFFS AND CONSTABLES (§ 140*)—CONVERSION—EVIDENCE.

Where a wife, suing an officer for the conversion of a stock of goods taken by him under an attachment against her husband, conclusively showed that she had paid to her husband $500 of her own money, and that he gave her a chattel mortgage on the stock, and subsequently transferred it to her absolutely in satisfaction of the mortgage, that the levy was subsequently made at a time when the stock, some of which had been purchased by her with her own money, was worth $553, and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

offered evidence to rebut the presumption of fraud raised by Personal Property Law (Consol. Laws 1909, c. 41) § 44, the case was for the jury.

[Ed. Note.—For other cases, see Sheriffs and Constables, Cent. Dig. §§ 308–313; Dec. Dig. § 140.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Rose Hogan against Milton Ullman. From a judgment of the Municipal Court, dismissing the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial ordered.

Argued June term 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Judson D. Campbell, of New York City, for appellant.

Myers, Hartman & Schumann, of New York City, for respondent.

BIJUR, J. Plaintiff sues defendant, a marshal, for conversion of a stock of goods; he having taken the same under a warrant of attachment against plaintiff's husband, John Hogan. The undisputed facts are that plaintiff paid to her husband $500 of her own money; that on January 2d her husband gave her a chattel mortgage on the stock of goods in his store, and on January 8th transferred them to her absolutely in satisfaction of the mortgage. The levy was made on January 22d. At that time the stock of goods in the store, some of which had since been purchased by her with her own money, was worth $553. In this state of the record, plaintiff having offered evidence to rebut the presumption of fraud raised by section 44 of the Personal Property Law (Consol. Laws 1909, c. 41), there was manifestly a question for the jury.

It is unnecessary, in this view of the case, to decide a number of other points raised by appellant, particularly whether, under the pleadings, defendant had the right to raise the question of fraudulent transfer by the husband to the wife.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.